Mathews, J.
delivered the opinion of the court. The right of curatorship to the estate of J. Saupin, who died intestate, was originally contested, by the parties to the present suit; they are now disputing about a commission of two and a half per cent. on the estate. Judgment having been given in favor of Preval, in the court of probates, the opposite party appealed to the court of the first district, where they obtained a reversal of the judgment, and Preval took the present appeal.
The statement or facts shews that the appellant was appointed curator by the court of probates, and the appellees obtained a rescis *429 sion of his appointment in the district court who gave them letters of curatorship. Lmder the authority derived from the court of probates, the appellant had procured possession, and administered the estate of the deceased, to the period at which his letters of curatorship were annulled. The present appellees were declared to he the rightful curators by the district court.
East'n District.
March, 1818.
Afterwards the appellant, at the request of the appellees, agreed to deliver the property of the deceased in his hands to them, as soon as he could make out his accounts : before this could be effected, an agent of the heirs of the deceased appeared, to whom the property was delivered by order of the court of probates, except a commission of two and one half percent, on its amount, which was retained by the appellant, for his trouble in administering the estate, in opposition to the appellees, who claim said commission, as the only legal and rightful curators of the estate, under the judgment of the district court.
The circumstances of this case, have involved the rights of the parties, in considerable obscurity, and render it a matter of doubt, which of them ought to prevail: as no appeal was taken from the judgment of the district court, the decision of that tribunal is final and conclusive *430 as to the right to the curatorship, and as to this, has the force and effect of res judicata.
But, it is contended, by the appellant, that as he has administered the estate, by virtue of a power derived from a competent tribunal, and as it was his duty to take care of the estate pending the appeal of the light of curatorship, and as he has done every thing which could be required from a faithful curator, under the sanction of legal authority, up to the delivery of the estate, to the heirs of the deceased, he is justly entitled for his trouble, to the Compensation allowed by law.
On the part of the appellees, it is urged that having pursued all lawful means in their power, to enforce their legal right to the, curatorship, it ought not to be injured by the improper interference of a person who was a wrongdoer ab initio.
Until the, session of the district court, the right to the appointment might be doubtful : after that, it was most clearly on the side of the appellees, and had the estate been delivered over to them, as it ought to have been, no doubt could remain of their right to the legal commission, for the administration of it, as curators de jure et de facto. During the delay, claimed by the appellant, to arrange his accounts, pre *431 paratory to the transfer of the property to appellees, the heirs appeared by their representative, and it was delivered to him. Thus were they again, by the conduct of the appellant, prevented from obtaining possession, and administration of an estate, to which they were then undeniably entitled, under a decision of the higher court.
As the appellees had the right to the curator-ship, and as they have pursued all legal means to obtain it, It is the opinion of, the majority of this court, (Derbigny, J. dissenting) that they ought not to be deprived of the commission, to which they were most clearly entitled, on an actual administration, by the erroneous conduct of the appellant; first, in opposing their just pretentions and claim before the court of probates, and lastly, in, failing to deliver over the estate to them, in conformity with the decision of the district court. To suffer him now to retain the legal commission, would be to allow him to take advantage of his own wrong.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates be annulled avoided and reserved, and that the judgment to the district court be affirmed with costs.
Carleton for the plaintiff, Morel for the defendants.